UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALGONQUIN GAS TRANSMISSION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-12338 |
| | ) | |
| THE TOWN OF WEYMOUTH, MASSACHUSETTS, THE TOWN OF BRAINTREE, MASSACHUSETTS, THE TOWN OF HINGHAM, MASSACHUSETTS, THE CITY OF QUINCY, MASSACHUSETTS, ROBERT HEDLUND, PATRICK O'CONNOR, MICHAEL SMART, KENNETH J. DIFAZIO, JANE HACKETT, ED HARRINGTON, REBECCA HAUGH, ARTHUR MATTHEWS, MICHAEL MOLISSE, SCOTT DOWD, GEORGE LORING, THOMAS TANNER, FRANK SINGLETON, JOHN REILLY and THE WEYMOUTH TEN CITIZENS GROUP, DORTHY ANDERSON, ALICE ARENA, MARGARET BELLAFIORE, WENDY CULLIVAN, SUSAN GREENE, ANDREA HONORE, MICHAEL LANG, CURTIS NORGAARD, THOMAS PENDERGAST, JUDY ROBERTS, FRANK SINGLETON, BETSY SOWERS, BERNADETTE WILSON and THE TEN PERSONS GROUP, and ELIZABETH MOULDS, JENNIFER MATHIAN, OLIVIA LANNA, PRIYA HOWELL, KATHERINE ROGERS, MICHAEL MULLALEY, HEATHER KAAS, KATIE MCBRINE, JANICE DEYOUNG, A. SILVIA FABRIZIO, KATHLEEN CRONIN and THE HINGHAM TEN PERSONS GROUP, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Algonquin Gas Transmission, LLC ("Algonquin") brings this action for a judgment declaring that any action by the defendants to obtain an order from a state court enjoining,

restraining, or providing declaratory relief to prevent or otherwise interfere with Algonquin's construction of a federally approved natural gas compressor station in Weymouth, Massachusetts (the "Weymouth Compressor Station") would constitute an impermissible collateral attack on Algonquin's Certificate of Public Convenience and Necessity ("Certificate") and anticipated Notice to Proceed with construction activities from the Federal Energy Regulatory Commission ("FERC") and is preempted by the Natural Gas Act ("NGA"), 15 U.S.C. §§ 717-717z. Algonquin also seeks a preliminary and permanent injunction prohibiting the defendants from seeking to obtain an order from a state court enjoining, restraining, or providing declaratory relief against Algonquin's construction of the federally approved Weymouth Compressor Station.[1]

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, including, but not limited to the NGA, and this Court's equitable powers.

2.  Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because a substantial portion of the events that gave rise to this action occurred in this District.

## PARTIES

3.  Algonquin is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Houston, Texas and is a "natural gas company" as that term is defined in § 2(6) of the NGA, 15 U.S.C. § 717a(6), because it transports

---

[1] For the avoidance of doubt, Algonquin does not seek through this Complaint to prevent or interfere with the defendants' ability to seek review in Massachusetts courts of the issuance by the Massachusetts Department of Environmental Protection of permits under the Massachusetts Wetlands Protection Act, M.G.L.c. 131, § 40 and the Massachusetts Public Waterfront Act, M.G.L. c. 91, or the issuance by the Massachusetts Office of Coastal Zone Management of a consistency determination pursuant to the Coastal Zone Management Act, 16 U.S.C. §§ 1451-1464.

natural gas in interstate commerce.

4. The Town of Weymouth is a municipality organized and existing under the laws of the Commonwealth of Massachusetts. The Weymouth Town Hall is located at 75 Middle Street, Weymouth, Massachusetts.

5. The Town of Braintree is a municipality organized and existing under the laws of the Commonwealth of Massachusetts. The Braintree Town Hall is located at 1 John F. Kennedy Memorial Drive, Braintree, Massachusetts.

6. The Town of Hingham is a municipality organized and existing under the laws of the Commonwealth of Massachusetts. The Hingham Town Hall is located at 210 Central Street, Braintree, Massachusetts.

7. The City of Quincy is a municipality organized and existing under the laws of the Commonwealth of Massachusetts. The Quincy City Hall is located at 1305 Hancock Street, Quincy, Massachusetts.

8. The Weymouth Ten Citizens Group is a group of ten or more persons organized under Mass. G.L. c. 30A, § 10A and 310 C.M.R. § 7.51 who are opposed to the construction of the Weymouth Compressor Station. This Group is comprised of the following persons who are elected and/or appointed officials of Weymouth:

a. Robert Hedlund, Mayor of the Town of Weymouth, 54 Longwood Road, Weymouth, Massachusetts;

b. Patrick O'Connor, Massachusetts State Senator, 87 Knollwood Circle, Weymouth, Massachusetts;

c. Michael Smart, Vice President-District Six, Weymouth Town Council, 39 Rhitu Drive, Weymouth, Massachusetts;

d.  Kenneth J. DiFazio, District Three Councilor, Weymouth Town Council, 53 Meetinghouse Lane, Weymouth, Massachusetts;

e.  Jane Hackett, Councilor at Large, Weymouth Town Council, 23 Blake Road, Weymouth, Massachusetts;

f.  Ed Harrington, District Five Councilor, Weymouth Town Council, 54 Samoset Street, Weymouth, Massachusetts;

g.  Rebecca Haugh, District One Councilor, Weymouth Town Council, 34 Evans Street, Weymouth, Massachusetts;

h.  Arthur Matthews, District Four Councilor, Weymouth Town Council, 15 Lake View Road, Weymouth, Massachusetts;

i.  Michael Molisse, Councilor at Large, Weymouth Town Council, 100 Windsor Road, Weymouth, Massachusetts;

j.  Scott Dowd, Conservation Commissioner, Town of Weymouth, 133 Pierce Road, Weymouth, Massachusetts;

k.  George Loring, Conservation Commissioner, Town of Weymouth, 146 Pine Street, Weymouth, Massachusetts;

l.  Thomas Tanner, Conservation Commissioner, Town of Weymouth, 169 Park Avenue West, Weymouth, Massachusetts;

m.  Frank Singleton, Conservation Commissioner, Town of Weymouth, 60 Bluff Road, N. Weymouth, Massachusetts; and

n.  John Reilly, Conservation Commissioner, Town of Weymouth, 25 Cassandra Road, Weymouth, Massachusetts.

9.  The Ten Persons Group is a group of ten or more persons organized under Mass.

G.L. c. 30A, § 10A and 310 C.M.R. § 7.51 who are opposed to the construction of the Weymouth Compressor Station. This Group is comprised of the following persons:

  a. Dorothy Anderson, 125 River Street, Weymouth, Massachusetts;

  b. Alice Arena, 6 Blueberry Street, Weymouth, Massachusetts;

  c. Margaret Bellafiore, 49 Caldwell Street, Weymouth, Massachusetts;

  d. Wendy Cullivan, 150 Roosevelt Road, Weymouth, Massachusetts;

  e. Susan Greene, 26 Holbrook Road, North Weymouth, Massachusetts;

  f. Rebecca A. Haugh, 34 Evans Street, Weymouth, Massachusetts;

  g. Andrea Honore, 61 House Rock Road, Weymouth, Massachusetts;

  h. Michael Lang, 74 Cotton Avenue, Braintree, Massachusetts;

  i. Curtis Nordgaard, M.D., 526 Quinobequin Road, Newton, Massachusetts;

  j. Thomas Pendergast, 37 School House Road #9, Weymouth, Massachusetts;

  k. Judy Roberts, 30 Curtis Avenue, Quincy, Massachusetts;

  l. Frank Singleton, 60 Bluff Road, Weymouth, Massachusetts;

  m. Betsy Sowers, 48 Sandtrap Circle, Weymouth, Massachusetts; and

  n. Bernadette Wilson, 94 Broad Reach Unit B111, Weymouth, Massachusetts.

10. The Hingham Ten Persons Group is a group of ten or more residents of Hingham organized under Mass. G.L. c. 30A, § 10A and 310 C.M.R. § 7.51 who are opposed to the construction of the Weymouth Compressor Station. This Group is comprised of the following persons who are residents of Hingham:

  a. Elizabeth Moulds, 70 Winter St. Hingham, Massachusetts;

  b. Jennifer Mathian, 159 HMS Stayner Drive, Hingham, Massachusetts;

  c. Olivia Lanna, MD, 11 Fitzroy Drive, Apt. 201, Hingham, Massachusetts;

    d.    Priya Howell, 26 Del Prete Drive, Hingham, Massachusetts;

    e.    Katherine Rogers, 11 Cranberry Lane, Hingham, Massachusetts;

    f.    Michael Mullaley, 14 Cushing Avenue, Hingham, Massachusetts;

    g.    Heather Kaas, 29 Rice Road, Hingham, Massachusetts;

    h.    Katie McBrine, MD, 157 Central St., Hingham, Massachusetts;

    i.    Janice DeYoung, 175 Leavitt St., Hingham, Massachusetts;

    j.    A. Silvia Fabrizio, 3 Volunteer Lane, Hingham, Massachusetts;

    k.    Kathleen Cronin, 222 Hersey Street, Hingham, Massachusetts.

## FACTS

11. Under the NGA, the FERC has exclusive jurisdiction over the transportation and sale of natural gas in interstate commerce, including the location, design, construction, and operation of natural gas pipelines and related facilities that are used to transport natural gas in interstate commerce. Before a natural gas company can construct a natural gas pipeline and related facilities, it must obtain a Certificate from FERC. *See* 15 U.S.C. § 717f(e).

12. FERC can only issue a Certificate "if it is found that … the proposed service, sale, operation, construction, extension, or acquisition, to the extent authorized by the [C]ertificate, is or will be required by the present or future public convenience and necessity." 15 U.S.C. § 717f(e).

### The Atlantic Bridge Project

13. On October 22, 2015, Algonquin and Maritimes & Northeast Pipeline, LLC filed an application with FERC for a Certificate in Docket No. CP16-9-000 to construct and operate a natural gas pipeline project known as the Atlantic Bridge Project. Both Algonquin and Maritimes operate interstate natural gas pipeline transmission systems. The Atlantic Bridge Project was designed to expand the capacity of Algonquin's system in New York, Connecticut, and

Massachusetts and enable the Maritimes system in Massachusetts and Maine to transport additional volumes of natural gas to meet the demand requirements in the Northeast market area.

14. The only new facility that Algonquin will construct in Massachusetts as part of the Atlantic Bridge Project is the Weymouth Compressor Station.

15. Compressor stations are necessary facilities located at various points along a pipeline system. A compressor station contains equipment that performs the essential task of compressing natural gas as it travels throughout the pipeline system to maintain adequate pressures that are necessary to meet the company's service obligations. Compressor stations act in concert with each other in balancing the overall system pressure to adjust to the variable factors of supply and demand.

16. On January 25, 2017, FERC issued a Certificate authorizing Algonquin and Maritimes to construct and operate the Atlantic Bridge Project. 158 FERC ¶ 61,061 ("AB Certificate").

17. The NGA establishes a specific and exclusive procedure for challenging a Certificate to build an interstate natural gas pipeline or related facility. A party aggrieved by a Certificate may apply for rehearing before FERC. 15 U.S.C. § 717r(a). Once FERC issues an order on rehearing, the aggrieved party may petition for review either in the D.C. Circuit or in the federal circuit court of appeals where the natural gas company is located or has its principal place of business. 15 U.S.C. § 717r(b). The relevant court of appeals thereafter has "exclusive" jurisdiction "to affirm, modify, or set aside [the Certificate] in whole or in part." 15 U.S.C. § 717r(b).

18. The Town of Weymouth, several environmental groups, and others ("Petitioners") sought rehearing of the AB Certificate. On December 13, 2017, FERC issued an Order on Rehearing, denying those requests. 161 FERC ¶ 61,255.

19. The Petitioners then sought review of the AB Certificate in the United States Court of Appeals for the District of Columbia Circuit. In a decision issued on December 27, 2018, the D.C. Circuit denied the petitions for review in their entirety, and upheld the AB Certificate. *Town of Weymouth, Massachusetts v. FERC*, No. 17-1135, 2018 WL 6921213 (D.C. Cir. Dec. 27, 2018).

20. The Weymouth Compressor Station is located in a "coastal zone" as that term is defined by the Coastal Zone Management Act ("CZMA"), 16 U.S.C. §§ 1451-1464, and so the AB Certificate states that "[p]rior to construction of the Weymouth Compressor Station, Algonquin shall file with the Secretary a copy of the Massachusetts Office of Coastal Zone Management's ("MCZM") determination of consistency with the" CZMA. AB Certificate, ¶ 16.

21. On November 12, 2019, the MCZM issued a consistency determination to Algonquin.

22. FERC is expected to issue a Notice to Proceed ("NTP") to Algonquin authorizing Algonquin to begin construction of the Weymouth Compressor Station shortly. To date, a number of the defendants have made filings with FERC opposing any construction of the Weymouth compressor station until all appeals of related environmental permits have concluded, including the CZMA consistency determination. The defendants have opposed issuance of an NTP.

23. An actual controversy exists between Algonquin and the defendants with respect to Algonquin's authority to construct the Weymouth Compressor Station. In various forums, including before Massachusetts environmental regulators and at FERC, all of the defendants have vigorously opposed the construction and operation of the Weymouth Compressor Station. For example, one of the defendants has been quoted in a November 12, 2019, newspaper article as saying that "[w]e will continue to fight this ill-conceived scheme by all means available and necessary." Algonquin plans to commence construction of the Station shortly, and will shortly

begin taking steps to initiate construction activities, such as mobilizing contractors and other pre-construction tasks. In light of their opposition to the Weymouth Compressor Station, Algonquin reasonably anticipates that the defendants will seek an order from a state court purporting to enjoin, restrain, or provide declaratory relief against Algonquin's construction of the Weymouth Compressor Station.

### COUNT I
### DECLARATORY JUDGMENT – 28 U.S.C. § 2201

24. Algonquin repeats the allegations set forth in paragraphs 1-23 as if fully set forth herein.

25. Under the NGA, FERC has exclusive jurisdiction over the transportation and sale of natural gas in interstate commerce, including over construction of the Weymouth Compressor Station.

26. The process for appealing the AB Certificate has been exhausted. Any attempt by the defendants to obtain an order from a state court enjoining, restraining, or providing declaratory relief against the FERC Certificate for the AB Project, or Algonquin's construction of the Weymouth Compressor Station would constitute an impermissible collateral attack on the AB Certificate in contravention of the NGA's exclusive judicial review provision.

27. FERC's NTP, which Algonquin anticipates will authorize Algonquin to undertake specific construction activities related to the Weymouth Compressor Station, is also subject to the NGA's exclusive review provisions, which include seeking rehearing from FERC and subsequent review by an appropriate U.S. Court of Appeals. *See* 15 U.S.C. § 717r(b); *Del. Riverkeeper Network v. FERC*, 857 F.3d 388, 399 (D.C. Cir. 2017). As such, any effort to obtain an order from a state court enjoining, restraining, or providing declaratory relief as to FERC's NTP is preempted.

28. In addition, once FERC has issued the NTP to Algonquin, the NGA preempts all state and local zoning laws, regulations, and ordinances not shielded from preemption by the NGA's savings clause, 15 U.S.C. § 717b(d), that the defendants may claim provide a basis for a state court to regulate the construction of the Weymouth Compressor Station.

WHEREFORE, Algonquin requests the following relief:

1. a judgment declaring that any attempt by the defendants to obtain an order from a state court enjoining, restraining, or providing declaratory relief against Algonquin's construction of the Weymouth Compressor Station:

   a. constitutes an impermissible collateral attack on the AB Certificate or the Notice to Proceed issued by FERC; and

   b. the Natural Gas Act preempts all state and local zoning laws, regulations, and ordinances not shielded from preemption under the NGA's savings clause, 15 U.S.C. § 717b(d), that the defendants claim allow a state court to regulate the construction of the Weymouth Compressor Station ;

2. a preliminary injunction enjoining the defendants from taking any action to obtain an order from a state court enjoining, restraining, or providing declaratory relief against Algonquin's construction of the Weymouth Compressor Station;

3. a permanent injunction enjoining the defendants from taking any action to obtain an order from a state court enjoining, restraining, or providing declaratory relief against Algonquin's construction of the Weymouth Compressor Station; and

4. for such other relief that the Court deems to be appropriate or necessary.

ALGONQUIN GAS TRANSMISSION, LLC

By its attorneys,

/s/ *James T. Finnigan*
James T. Finnigan (BBO #549620)
Frank N. Gaeta (BBO # 561388)
Rich May, P.C.
176 Federal Street
Boston, MA 02108
Phone: (617) 556-3800
jfinnigan@richmaylaw.com
fgaeta@richmaylaw.com

Dated:   November 13, 2019